UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN BELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| HALSTED FINANCIAL SERVICES, LLC, ) | |
| an Illinois limited liability company; PRAN ) | |
| NAVANANDAN, individually; SYED ALI, ) | |
| individually; ADELLE CALAHAN, ) | |
| individually; and MANRAJ BAINS, ) | |
| individually, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, BRIAN BELL ("Plaintiff"), through his attorneys, Agruss Law Firm, LLC, alleges the following against Defendants, HALSTED FINANCIAL SERVICES, LLC, an Illinois limited liability company; PRAN NAVANANDAN, individually; SYED ALI, individually; ADELLE CALAHAN, individually; and MANRAJ BAINS, individually (collectively, "Defendants"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k (FDCPA).

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

2. Plaintiff is a natural person residing in Keizer, Marion County, Oregon.

3. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

4. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

5. Defendants are a debt collector as that term is defined by 15 U.S.C. 1692a(6).

6. Defendant, HALSTED FINANCIAL SERVICES, LLC, is an Illinois based debt collection agency with its principal place of business located at 8001 N. Lincoln Avenue, Suite LL, Skokie, Illinois 60077.

7. Defendant, PRAN NAVANANDAN, is the principal, operations manager, and member of Halsted Financial Services, LLC, with a personal residence located at 925 W. Huron Street, #605, Chicago, Illinois 60642.

8. Defendant, SYED ALI, is the chief operating officer and member of Halsted Financial Services, LLC, with a personal residence located at 8548 Karlov Avenue, Skokie, Illinois 60076.

9. Defendant, ADELLE CALAHAN, is the credit and collections compliance officer, operations analyst, and a member of Halsted Financial Services, LLC, with a personal residence located at 5354 Davis Street, Skokie, Illinois 60077.

10. Defendant, MANRAJ BAINS, is a member of Halsted Financial Services, LLC, with a personal residence located at 1422 North Western Avenue, Apt. 1, Chicago, Illinois 60622.

11. Within the last year, Defendants attempted to collect a consumer debt from Plaintiff.

12. Defendants are a national collection agency with their principal place of business in Skokie, Cook County, Illinois.

13. Defendants' business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. The principal purpose of Defendants' business is the collection of debts allegedly owed to third parties.

15. Defendants regularly collect, or attempt to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendants send to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiate contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

18. Employees can be held personally liable under the FDCPA. *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp.2d 1051 (C.D. Cal. 2009); See also, *Schwarm v. Craighead*, 552 F. Supp.2d 1056 (E.D. Cal 2008).

19. Most courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA. See *Schwarm v. Craighead*, 552 F. Supp.2d 1056 (E.D. Cal 2008); *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433 (6th Cir. 2008); *Teng v. Metro. Retail*

*Recovery, Inc.*, 851 F. Supp. 61 (E.D. NY 1994); *Del Campo v. Kennedy*, 491 F. Supp 2d 891 (N.D. Cal. 2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F.Supp.2d 615 (D. Utah 2005); *Albanese v. Portnoff Law Associates, Ltd.*, 301 F.Supp.2d 389 (E.D. PA 2004); *Brink v. First Credit Res.*, 57 F.Supp.2d 848 (D.AR 1999); *Pikes v. Riddle*, 38 F.Supp2d 639 (N.D. IL 1998); *Ditty v. CheckRite*, 973 F.Supp. 1354 (D. Utah 1997).

## BRIAN BELL v. HALSTED FINANCIAL SERVICES, LLC

20. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

21. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

22. In or around February 2015, Defendant began placing collection calls to Plaintiff's cellular telephone at 719-271-xxxx and Plaintiff's work telephone number 719-554-xxxx.

23. Defendant calls Plaintiff from 855-472-6628, which is one of Defendant's telephone numbers.

24. Defendant calls Plaintiff at an annoying and harassing rate, calling Plaintiff up to two (2) times per day.

25. In or around April 4, 2015, Plaintiff answered one of Defendant's collection calls and spoke with one of Defendant's collectors.

26. During the aforementioned conversation, Plaintiff told Defendant to stop calling his cellular and work telephone numbers.

27. During the aforementioned conversation, Defendant's collection agent told Plaintiff he owed an additional money to Defendant than the principal balance due.

28. Despite Plaintiff's request, Defendant continued to place collection calls to Plaintiff's

4

cellular telephone number.

29. Despite Plaintiff's request, Defendant continued to place collection calls to Plaintiff's work telephone number.

30. Specifically, Defendant placed collection calls to Plaintiff's work telephone on April 6, 2015.

31. Defendant is familiar with the FDCPA.

32. The natural consequences of Defendant's statements and actions was to unjustly condemn and vilify Plaintiffs for her non-payment of the debt he allegedly owes.

33. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

34. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

### BRIAN BELL v. PRAN NAVANANDAN

35. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs 1-34 herein, with the same force and effect as if the same were set forth at length herein.

### BRIAN BELL v. SYED ALI

36. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs 1-34 herein, with the same force and effect as if the same were set forth at length herein.

### BRIAN BELL v. ADELLE CALAHAN

37. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs 1-34 herein, with the same force and effect as if the same were set forth at length herein.

### DOUGLAS DUNCAN v. MANRAJ BAINS

38. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs 1-34 herein, with the same force and effect as if the same were set forth at length herein.

## DEFENDANTS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

39. Defendants violated the FDCPA based on, but not limited to, the following:

   a. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant continued to call Plaintiff after Plaintiff requested Defendant stop calling him;

   b. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number when Defendant continued to call Plaintiff after Plaintiff requested Defendant stop calling him; and

   c. Defendant violated §1692c(a)(3) of the FDCPA by repeatedly continuing to call Plaintiff at Plaintiff's place of employment after Plaintiff told Defendant to stop calling him at work and when Defendant has reason to know Plaintiff's employer prohibits the consumer from receiving such communication.

40. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

41. As a result of the foregoing violations of the FDCPA, Defendants are liable to the Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, BRIAN BELL, respectfully requests judgment be entered against Defendants, HALSTED FINANCIAL SERVICES, LLC, an Illinois limited liability company;

PRA NAVANANDAN, individually; SYED ALI, individually; ADELLE CALAHAN, individually; and MANRAJ BAINS, individually, for the following:

42. Actual damages, pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

43. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

44. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: August 18, 2015        By: /s/ Michael S. Agruss
Michael S. Agruss
SBN: 6281600
Agruss Law Firm, LLC
4611 N. Ravenswood Ave., Suite 201
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorneys for Plaintiff